**David Oliver ALLEN, Petitioner—Appellant,**

v.

**Ernest ROE, Warden, Respondent—Appellee.**

**No. 04–16012.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Nov. 14, 2005.*

Decided Jan. 19, 2006.

David Oliver Allen, Avenal, CA, pro se.

Michael H. Murray, Esq., Pleasanton, CA, for Petitioner–Appellant.

Juliet B. Haley, Esq., San Francisco, CA, for Respondent–Appellee.

Before: GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

David Oliver Allen appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his California conviction by guilty plea to attempted rape with a prior serious conviction. We affirm.

Allen seeks habeas relief on five claims: (1) His plea was constitutionally defective due to the trial court's participation in the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

charging decision; (2) Counsel rendered ineffective assistance during the plea process by failing to raise the preceding claim; (3) His plea was constitutionally defective due to the trial court's failure to subsequently apprise him of all elements of the offense and the length of his parole term; (4) Counsel rendered ineffective assistance during the plea process by failing to apprise him of all elements of the offense and by failing to file a notice of appeal; and (5) The district court erred in failing to hold an evidentiary hearing on the aforementioned issues.

With respect to the first and second claims, we vacate the Certificate of Appealability and therefore do not address the issues presented. *See* 28 U.S.C. § 2253(c)(2); *Phelps v. Alameda,* 366 F.3d 722, 728 (9th Cir.2004).

■ With respect to the third claim, a federal court may not grant habeas relief unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). There is no Supreme Court authority holding that due process requires the defendant to be told the precise length of a parole term. *Cf. Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility . . . .").

■ We also reject the claim regarding apprisal of the specific elements of the offense. Here, "the constitutional prerequisites of a valid plea [are] satisfied [because] the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Bradshaw v. Stumpf,* —— U.S. ——, ——,

125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005) (citing *Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). Petitioner points to no circumstances that would undermine our reliance on counsel's statement. He concedes that he is of mature age, experienced with the criminal justice system, and of adequate intelligence. *Cf. Marshall v. Lonberger,* 459 U.S. 422, 437, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) ("[A] person of respondent's intelligence and experience in the criminal justice system would have understood, from the statements made at the sentencing hearing recorded in the transcript before us, that the presiding judge was inquiring whether the defendant pleaded guilty to offenses charged in the indictment against him."). State courts, unlike federal courts, are not required to engage in a full Rule 11 colloquy. Thus, the trial court's colloquy was not deficient and the state court's decision to deny habeas relief was not an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

■ The fourth claim, counsel's alleged error in failing to apprise Allen of the elements of the offense, did not result in prejudice. Allen's claim that counsel failed to file a notice of appeal is without merit. Counsel's assistance was not deficient and, assuming arguendo that there was an error, it was not prejudicial.

■ With respect to the fifth claim, Allen was entitled to an evidentiary hearing on disputed facts only if "(1) the petitioner's allegations would, if proved, entitle him to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Babbitt v. Calderon,* 151 F.3d 1170, 1177 (9th Cir.1998). None of Allen's allegations would, if proved, entitle him to relief.

Thus, the district court did not abuse its discretion when it denied Allen an evidentiary hearing.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.